**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | | |
|---|---|---|
| **FERNANDO RENTERIA** | § | |
|     **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action No.**  5:15-cv-777 |
| | § | |
| **STATE FARM LLOYDS** | § | |
|     **Defendant** | § | |

---

## INDEX OF MATTERS BEING FILED

---

State Farm Lloyds' Notice of Removal.

    Exhibit A:    Copies of all process, pleadings, orders and the docket sheet on file in the state court lawsuit.

    Exhibit B:    A list of counsel of record.

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

| | | |
|---|---|---|
| **FERNANDO RENTERIA** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | Civil Action No. _____ |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **Defendant** | § | |

---

## STATE FARM LLOYDS' NOTICE OF REMOVAL

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

State Farm Lloyds ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1.      On July 1, 2015, Fernando Renteria ("Plaintiff") filed his Original Petition ("Original Petition") styled Cause No. 15-07-31607-MCVAJA; *Fernando Renteria v. State Farm Lloyds*; In the 365th Judicial District Court, Maverick County, Texas.  State Farm was served with citation on August 7, 2015.

### *Nature of the Suit*

2.      This lawsuit involves a dispute over State Farm's handling of Plaintiff's insurance claims for damages from a storm allegedly sustained by his residential property:  1132 Kiriaka Drive, Eagle Pass, Texas 78852.  Plaintiff claims State Farm breached the insurance contract, the duty of good faith and fair dealing and an alleged fiduciary duty, committed negligence, misrepresentation and fraud by negligent misrepresentation, and violated the Texas Insurance

Code and DTPA.   Plaintiff seeks actual damages, consequential damages, treble damages, statutory penalties, exemplary damages, mental anguish damages, court costs and attorney's fees.

### Basis for Removal

3.     Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.     There is complete diversity of citizenship between the parties.   At the time Plaintiff filed his Original Petition on July 1, 2015, and as of the date of filing this Notice, State Farm was an association of underwriters whose individual underwriters were all residents and citizens of the state of Illinois.[1]   Accordingly, at the time of filing of this suit, and through the filing of this Notice, State Farm was and is considered an out-of-state citizen for diversity jurisdiction purposes.

5.     Upon information and belief, Plaintiff was a citizen of Texas when he filed his Original Petition, and continues to be a citizen of Texas.   (*See* Plaintiff's Original Petition, ¶ 3.)

6.     Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.   Plaintiff pleads in his Original Petition that he is seeking monetary relief over $100,000 but not more than $200,000. (*See* Plaintiff's Original Petition, ¶ 69.)

7.     In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, … penalties, statutory damages, and punitive damages."[2]   Here,

---

[1] *See Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1541 (1994) (defining "Lloyds' Plan" insurer).  *Alcorn v. State Farm Lloyds*, Civil Action No. 3:98-CV-0772-BC, 1998 U.S. Dist. LEXIS 17144, *3-4 (N.D. Tex. Oct. 23, 1998) (recognizing that State Farm Lloyds' underwriters are citizens of Illinois).

[2] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of

Plaintiff claims that a storm caused damages to his property that Plaintiff insured through State Farm.[3]  Plaintiff seeks unspecified damages for State Farm's refusal to fully compensate him under the terms of his insurance contract, Policy Number 83-LV-5245-8.[4]  Policy Number 83-LV-5245-8 is a Texas Homeowner's Policy with coverage limits of $137,684 for the dwelling, $103,263.00 for personal property, and the actual amount of additional living expenses.

8.     Further, Plaintiff seeks actual, consequential, exemplary, and mental anguish damages and statutory penalties for his fraud claims and violations of the duty of good faith and fair dealing, the Texas Insurance Code and DTPA.[5]  Further, Plaintiff seeks treble damages under the Texas Insurance Code and DTPA based on allegations State Farm acted "knowingly."[6] Plaintiff also seeks attorney fees.[7]  Thus, given Plaintiff's statement of the monetary relief he is seeking in this suit in his petition, the Policy involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

9.     Additionally, Plaintiff sent State Farm a demand letter dated June 16, 2015 explaining Plaintiff's alleged entitlement to $90,320.91 in actual damages and $10,000.00 in attorney's fees.  Accordingly, Plaintiff himself believes that at least $100,320.91 is at issue in this suit.  Courts consider plaintiffs' demand letters in ascertaining the amount in controversy.[8]

---

the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

[3] Plaintiff's Original Petition, ¶ 5-10.
[4] Plaintiff's Original Petition, ¶ 26-29.
[5] *See* Plaintiff's Original Petition, ¶ 30-65.
[6] *Id.* at ¶ 70.
[7] *Id.* at ¶ 71.
[8] *See, e.g., Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761–62 (5th Cir.2000) (holding demand letter constituted an "other paper" for ascertaining amount in controversy).

### *The Removal is Procedurally Correct*

10.     State Farm was first served with the Original Petition on August 7, 2015. Therefore, State Farm filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

11.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

12.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

13.     Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

14.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk of Maverick County, Texas, promptly after State Farm files this Notice.

WHEREFORE, STATE FARM LLOYDS requests that this action be removed from the 365th Judicial District Court of Maverick County, Texas to the United States District Court for the Western District of Texas, Del Rio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

_____

Mark A. Lindow
Attorney in Charge
State Bar No. 12367875
Southern District No. 12777
Lindow Stephens Treat LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas  78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
mlindow@lstlaw.com

Of Counsel:

Jana Richard
State Bar No. 24040752
Southern District Bar No. 1128806
Lindow Stephens Treat LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Telecopier: (210) 227-4602
jrichard@lstlaw.com

*Counsel for State Farm Lloyds*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, Del Rio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this 4th day of **September 2015**, addressed to those who do not receive notice from the Clerk of the Court.

    Bill L. Voss
    Scott G. Hunziker
    Tyler Bleau
    THE VOSS LAW FIRM, P.C.
    The Voss Law Center
    26619 Interstate 45 South
    The Woodlands, Texas 77380

                                    _____
                                    Mark A. Lindow / Jana Richard

# Exhibit A



Search | Case History | Parties | Attorneys | Links | Services | Home | Site Map | Log Out

**All** | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

Check out our new affordable subscription plans at
iDocket.com

View Case Track™                      Start Case Track™

 Civil Docket; Case 15-07-31607-MCVAJA 9; Civil
FERNANDO RENTERIA vs. STATE FARM LLOYDS
Filed 07/01/2015 - Disposition:
 365th District Court, District Clerk, Maverick County, Texas

Help

| Date | Description/Comments | Reference | Typ | Amount |
|------|---------------------|-----------|-----|--------|
| 07/01/2015 | | | TXT | |
| 07/01/2015 | PLAINTIFF ORIGINAL PETITION | | " | |
| 07/11/2015 | CITATIONTO STATE FARM LLOYDS--SENT TO ATTY | | " | |
| 08/28/2015 | ORIGINAL ANSWERDEF.STATE FARM LLOYDS' ORIGINAL ANSWER | | " | |

Search | Case History | Parties | Attorneys | Links | Services                [ Site Map ] [ Return to Top ]
All | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

© 1999 Solutions, Inc. All rights reserved.
Unauthorized access is prohibited. Usage will be monitored.
Agreements

User ID: mldsdt
Viewed as of: **September 3, 2015, time: 15:13:04**

53-5P19-422

CLERK OF THE COURT                    ATTORNEY FOR PLAINTIFF OR PLAINTIFF
LEOPOLDO VIELMA                       TYLER BLEAU
500 QUARRY ST                         26619 Interstate 45
STE 5
EAGLE PASS, TEXAS 78852               512-809-3423

### THE STATE OF TEXAS

NOTICE TO DEFENDANT:  "You have been sued.  You may employ an
attorney.  If you or your attorney do not file a written answer with
the clerk who issued this citation by 10:00a.m.  on the Monday next
following the expiration of twenty days after you were served this
citation and petition, a default judgement may be taken against you."

STATE FARM LLOYDS BY SERVING ITS REGISTERED AGENT           RECEIVED
RENDI BLACK C/O STATE FARM
17301 PRESTON ROAD                                          AUG - 7 2015
DALLAS, TEXAS 75252-5727
                                                            TLRG

To, Defendant, Greeting:
     You are hereby commanded to appear by filing a written answer to
the Plaintiff's Original Petition at or before ten o'clock A.M.  of
the Monday next after the expiration of twenty days after the date of
service of this citation before the Honorable AMADO ABASCAL, III of
the 365th Judicial District Court of Maverick County, Texas at the
Court House of said County in Eagle Pass, Texas.
     Said Plaintiff's Petition was filed in said court on 07/01/15 in
this case, numbered 15-07-31607-MCVAJA on the docket of said court,
and styled, FERNANDO RENTERIA vs.  STATE FARM LLOYDS
     The nature of Plaintiff's demand is fully shown by a true and
correct  copy  of  Plaintiff's  Original  Petition  accompanying  this
citation and made a part hereof.
     The officer executing this writ shall promptly serve the same
according to requirements of law, and the mandates thereof, and make
due return as the law directs.
     Issued and given under my hand and seal of said Court at Eagle
Pass, Texas this the  11th day of July, 2015.
                         Leopoldo Vielma, Clerk, District Court ,
                         Maverick County, Texas
                         By                                Deputy.

---------------------------------------------------------------------

                           SHERIFF'S RETURN
     Came  to  hand  on  24  day  of  July          , 20 15 ,
at    4    o'clock   .M., and EXECUTED by delivering to each of the
within named defendants, in person, a true copy of this Citation,
together  with  the  accompanying  true  and  correct  copy  of  the
Plaintiff's Petition.  At the following times and places to-wit:
     NAME_____MO.____DAY____20_____TIME_____

AND NOT EXECUTED because:
_____        _____Sheriff/Constable Pct
_____                       County
                                         By:_____Deputy
as to DEFENDANT:_____        Sheriff/Deputy Constable

## OFFICER'S RETURN

Came to hand on ___24___ of ___July___, 20_15_ at ___4___ o'clock ___P___.m. and ~~executed in _____ County, Texas by delivering to each of the within named~~ Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the petition at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
         miles ..................$_____


_____
**DEPUTY**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____, and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____ County, State of Texas, on the _____ day of _____, 201___.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas Date of Expiration / SCH Number**

Electronically Filed at
7/1/2015 3:11:28 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

CAUSE NO. **15-07-31607-MCVAJA**

| | | |
|---|---|---|
| **FERNANDO RENTERIA,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **VS.** | § | |
| | § | |
| | § | **MAVERICK COUNTY,** |
| | § | |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant.** | § | **365TH** |
| | § | ____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Fernando Renteria (hereinafter "Plaintiff"), and complains of State Farm Lloyds (hereinafter "Defendant"). In support of his claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.    Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Eagle Pass, in Maverick County, Texas.

### PARTIES

3.    Plaintiff is an individual whose residence is located in Eagle Pass, Maverick County, Texas.

**Electronically Filed at
7/1/2015 3:11:28 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy**

4.       Defendant State Farm is a Texas insurer, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, Rendi Black C/O State Farm, at its registered address, 17301 Preston Road, Dallas, Texas 75252-5727.

## BACKGROUND

5.       This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 1132 Kiriaka Drive, Eagle Pass, Texas 78852, (the "Property"). In addition to seeking economic and penalty based damages from Defendant, Plaintiff also seeks compensation from Defendant for damages caused by improperly investigating the extensive losses associated with this case.

6.       Plaintiff owns the Property.

7.       Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from Defendant to cover the Property at issue in this case for a loss due to storm-related events. Plaintiff's Property suffered storm-related damage. Through his residential policy, 53-5P19-422, Plaintiff was objectively insured for the subject loss by Defendant.

8.       On or around April 23, 2014, the Property suffered incredible damage due to storm related conditions.

9.       In the aftermath, Plaintiff relied on Defendant to help begin the rebuilding process. By and through his residential policy, Plaintiff was objectively insured for the subject losses in this matter.

10.       Pursuant to his obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion. Moreover, his residential policy covered Plaintiff during the time period in question.

11.       Despite Plaintiff's efforts, Defendant continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

Electronically Filed at
7/1/2015 3:11:28 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

12. Moreover, Defendant has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13. In the months following, Plaintiff provided information to Defendant, as well as provided opportunities for Defendant to inspect the Property. However, Defendant failed to conduct a fair investigation into the damage to the Property. Moreover, Defendant failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14. Despite Defendant's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Defendant. Further, Plaintiff made inquiries regarding the status of the losses, and payments. Regardless, Defendant failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses. As a result, to this date, Plaintiff has not received proper payment for his claim, even though notification was provided.

15. Defendant has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. Defendant has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Defendant did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16. Defendant has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendant in a timely manner.

17. Defendant has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Defendant that failed to conduct a reasonable

PLAINTIFF FERNANDO RENTERIA'S ORIGINAL PETITION                                    Page 3

Electronically Filed at
7/1/2015 3:11:28 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

investigation. Ultimately, Defendant performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.     Defendant has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.     As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with Defendant. Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.     In addition, Defendant has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages. As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.     All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22.     All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Defendant and/or were completed in its normal and routine course and scope of employment with Defendant.

## CLAIMS AGAINST DEFENDANT

23.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

PLAINTIFF FERNANDO RENTERIA'S ORIGINAL PETITION                                    Page 4

Electronically Filed at
7/1/2015 3:11:28 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

## A.
## NEGLIGENCE

24.     Defendant had and owed a legal duty to Plaintiff to properly adjust the structural

and property damage and other insurance losses associated with the Property. Defendant breached

this duty in a number of ways, including but not limited to the following:

> a.      Defendant was to exercise due care in adjusting and paying policy proceeds
> regarding Plaintiff's Property loss;
>
> b.      Defendant had a duty to competently and completely handle and pay all
> damages associated with Plaintiff's Property; and/or
>
> c.      Defendant failed to properly complete all adjusting activities associated
> with Plaintiff.

25.     Defendant's acts, omissions, and/or breaches did great damage to Plaintiff, and

were a proximate cause of Plaintiff's damages.

## B.
## BREACH OF CONTRACT

26.     Plaintiff hereby incorporates by reference all facts and circumstances set forth

under the foregoing paragraphs.

27.     According to the policy that Plaintiff purchased, Defendant had the absolute duty

to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to

the extensive storm-related damages.

28.     As a result of the storm-related event, Plaintiff suffered extreme external and

internal damages.

29.     Despite objective evidence of such damages, Defendant has breached its

contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits

relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result

of this breach, Plaintiff has suffered actual and consequential damages.

Electronically Filed at
7/1/2015 3:11:28 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

C.

## VIOLATIONS OF TEXAS DECEPTIVE TRADE
## PRACTICES ACT AND TIE-IN-STATUTES

30.     Plaintiff hereby incorporates by reference all facts and circumstances set forth

under the foregoing paragraphs.

31.     Defendant's collective actions constitute violations of the DTPA, including but not

limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business

& Commerce Code. Defendant collectively engaged in false, misleading, or deceptive acts or

practices that included, but were not limited to:

> a.     Representing that an agreement confers or involves rights, remedies, or
> obligations which it does not have or involve, or which are prohibited by law;
>
> b.     Misrepresenting the authority of a salesman, representative, or agent to
> negotiate the final terms of a consumer transaction;
>
> c.     Failing to disclose information concerning goods or services which were
> known at the time of the transaction, and the failure to disclose such information
> was intended to induce the consumer into a transaction into which the consumer
> would not have entered had such information been disclosed;
>
> d.     Using or employing an act or practice in violation of the Texas Insurance
> Code;
>
> e.     Unreasonably delaying the investigation, adjustment and resolution of
> Plaintiff's claim;
>
> f.     Failure to properly investigate Plaintiff's claim; and/or
>
> g.     Hiring and relying upon a biased engineer and/or adjuster to obtain a
> favorable, result-oriented report to assist Defendant in low-balling and/or denying
> Plaintiff's damage claim.

32.     As described in this Original Petition, Defendant represented to Plaintiff that his

insurance policy and Defendant's adjusting and investigative services had characteristics or

benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46

(b)(5) of the DTPA.

---

Electronically Filed at
7/1/2015 3:11:28 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

33. As described in this Original Petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

34. By representing that Defendant would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Defendant has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35. Defendant has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36. Defendant's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

37. Defendant's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Defendant to his detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Original Petition.

Electronically Filed at
7/1/2015 3:11:28 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

39.     Because Defendant's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Defendant having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Defendant having intentionally committed such conduct.

40.     As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show himself to be justly entitled at law and in equity.

## D.
## VIOLATIONS OF TEXAS INSURANCE CODE

41.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

42.     Defendant's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058). Specifically, Defendant engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

> a.     Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

---

PLAINTIFF FERNANDO RENTERIA'S ORIGINAL PETITION                    Page 8

Electronically Filed at
7/1/2015 3:11:28 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

b.      Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c.      Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.      Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

e.      Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

f.      Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.      Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Defendant, and Plaintiff relied upon these unfair or deceptive acts or practices by Defendant to his detriment. Accordingly, Defendant became the insurer of Plaintiff.

44.      As a direct and proximate result of Defendant's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which he now sues.

45.      Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly committed such conduct. Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Defendant having intentionally committed such conduct.

---

PLAINTIFF FERNANDO RENTERIA'S ORIGINAL PETITION            Page 9

Electronically Filed at
7/1/2015 3:11:28 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

46. As a result of Defendant's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

## E.
## BREACH OF THE COMMON-LAW DUTY
## OF GOOD FAITH AND FAIR DEALING

47. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48. By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Defendant knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered. These acts, omissions, failures, and conduct by Defendant is a proximate cause of Plaintiff's damages.

## F.
## BREACH OF FIDUCIARY DUTY

50. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

Electronically Filed at
7/1/2015 3:11:28 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

51. Defendant had a fiduciary relationship, or in the alternative, a relationship of trust

and confidence with Plaintiff. As a result, Defendant owed a duty of good faith and fair dealing

to Plaintiff. Defendant breached that fiduciary in that:

> a. The transaction was not fair and equitable to Plaintiff;
>
> b. Defendant did not make reasonable use of the confidence that Plaintiff placed upon it;
>
> c. Defendant did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;
>
> d. Defendant did not place the interests of Plaintiff before its own, and Defendant used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;
>
> e. Defendant placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or
>
> f. Defendant did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

52. Defendant is liable for Plaintiff's damages for breach of fiduciary duty, as such

damages were objectively caused by Defendant's conduct.

## G.
## UNFAIR INSURANCE PRACTICES

53. Plaintiff hereby incorporates by reference all facts and circumstances in the

foregoing paragraphs.

54. Plaintiff has satisfied all conditions precedent to bringing these causes of action.

By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts

or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55. Such violations include, without limitation, all the conduct described in this

Original Petition, plus Defendant's failure to properly investigate Plaintiff's claim. Plaintiff also

includes Defendant's unreasonable delays in the investigation, adjustment, and resolution of

Electronically Filed at
7/1/2015 3:11:28 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

Plaintiff's claims and Defendant's failure to pay for the proper repair of Plaintiff's Property, as to which Defendant's liability had become reasonably clear.

56.     Additional violations include Defendant's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims. Plaintiff further includes Defendant's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Defendant's misrepresentations of coverage under the subject insurance policy. Specifically, Defendant is also guilty of the following unfair insurance practices:

> a.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;
>
> b.    Engaging in unfair claims settlement practices;
>
> c.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;
>
> d.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims as to which Defendant's liability had become reasonably clear;
>
> e.    Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;
>
> f.    Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or
>
> g.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

56.     Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

Electronically Filed at
7/1/2015 3:11:28 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

## H.
## MISREPRESENTATION

57. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

58. Defendant is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Defendant did not inform Plaintiff of certain exclusions in the policy. Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to his detriment. As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. Defendant is liable for these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

59. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

60. Plaintiff would show that Defendant perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representations that ultimately resulted in his injuries and damages. Alternatively, Defendant fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages.

61. Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff, Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

Electronically Filed at
7/1/2015 3:11:28 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

62.     By reason of Plaintiff's reliance on Defendant fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which he now sues.

63.     Plaintiff further alleges that because Defendant knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Defendant, and constitute conduct for which the law allows the imposition of exemplary damages.

64.     In this regard, Plaintiff will show that he has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

65.     Accordingly, Plaintiff requests that penalty damages be awarded against Defendant in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

66.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

67.     Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

68.     Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

69.     More specifically, Plaintiff seeks monetary relief of over $100,000, but not more than $200,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## ADDITIONAL DAMAGES & PENALTIES

Electronically Filed at
7/1/2015 3:11:28 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

70.    Defendant's conduct was committed knowingly and intentionally. Accordingly,

Defendant is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all

operative provisions of the Texas Insurance Code. Plaintiff is, thus, clearly entitled to the 18%

damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

71.    In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees

pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and

Remedies Code.

## JURY DEMAND

72.    Plaintiff demands a jury trial and tenders the appropriate fee with this Original

Petition.

## REQUEST FOR DISCLOSURE

73.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Defendant

disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and

to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

74.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Requests for Production.

> a.    Please produce Defendant complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

> b.    Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

---

**Electronically Filed at**
**7/1/2015 3:11:28 PM**
**Leopoldo Vielma, District Clerk**
**Maverick County, Texas**
**By: M Cazares, Deputy**

c.      Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

d.      Please produce the electronic diary, including the electronic and paper notes made by Defendant claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

e.      Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

f.      Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

g.      Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

h.      Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

i.      Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Defendant intends to offer these items into evidence at trial.

## INTERROGATORIES

75.      Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Interrogatories.

a.      Please identify any person Defendant expects to call to testify at the time of trial.

b.      Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

c.      If Defendant or Defendant's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Defendant or any of Defendant's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

Case 5:15-cv-00777-XR Document 1 Filed 09/04/15 Page 28 of 35
Electronically Filed at
7/1/2015 3:11:28 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

d. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Defendant's investigation.

e. Please state the following concerning notice of claims and timing of

payment:

- i. The date and manner in which Defendant received notice of the claim;
- ii. The date and manner in which Defendant acknowledged receipt of the claim;
- iii. The date and manner in which Defendant commenced investigation of the claim;
- iv. The date and manner in which Defendant requested from the claimant all items, statements, and forms that Defendant reasonably believed, at the time, would be required from the claimant; and
- v. The date and manner in which Defendant notified the claimant in writing of the acceptance or rejection of the claim.

f. Please identify by date, amount and reason, the insurance proceed payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

g. Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

h. When was the date Defendant anticipated litigation?

i. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Defendant's document retention policy.

j. Does Defendant contend that the insured premises was damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

k. Does Defendant contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

l. Does Defendant contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

Electronically Filed at
7/1/2015 3:11:28 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

m.    How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated? State the following:

     i.    what performance measures are used; and

     ii.    describe Defendant's bonus or incentive plan for adjusters.

## CONCLUSION

76.    Plaintiff prays that judgment be entered against State Farm Lloyds, and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of State Farm Lloyds, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

## THE VOSS LAW FIRM, P.C.

/s/  *Tyler Bleau*
Bill L. Voss
Texas Bar No. 24047043
Scott G. Hunziker
Texas Bar No. 24032446
Tyler Bleau
Texas Bar No. 24080793
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone:  (713) 861-0015
Facsimile:  (713) 861-0021
bill.voss@vosslawfirm.com
scott@vosslawfirm.com

Electronically Filed at
7/1/2015 3:11:28 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

tyler@vosslawfirm.com

*ATTORNEYS FOR PLAINTIFF*



CERTIFIED MAIL

7013 2250 0001 0248 7174

Compass Claims
26619 Interstate 45
Suite 102B
The Woodlands, TX 77380

State Farm Lloyds
c/o Rendi Black
17301 Preston Road
Dallas, TX 75252

RECEIVED
AUG - 3 2015
TLRG

RECEIVED
AUG - 3 2015
EXECUTIVE

Electronically Filed at
3/28/2015 11:41:38 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

CAUSE NO. 15-07-31607-MCVAJA

| | | |
|---|---|---|
| FERNANDO RENTERIA,<br>    Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | 365th JUDICIAL DISTRICT |
| STATE FARM LLOYDS,<br>    Defendant | §<br>§<br>§ | MAVERICK COUNTY, TEXAS |

## DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

NOW COMES Defendant State Farm Lloyds and files its Original Answer, and would respectfully show as follows:

### I.

Defendant generally denies each and every allegation contained in Plaintiff's Original Petition pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

### II.

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds respectfully prays for a judgment that Plaintiff take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

**Electronically Filed at**
8/28/2015 11:41:38 AM
**Leopoldo Vielma, District Clerk**
**Maverick County, Texas**
**By: Veronica Jimenez, Deputy**

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP


By:  *Jana Richard*

Mark A. Lindow
State Bar No. 12367875
Jana Richard
State Bar No. 24040752
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
mlindow@lstlaw.com
jrichard@lstlaw.com

*Counsel for Defendant State Farm Lloyds*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant State Farm Lloyds' Original Answer was served by facsimile and/or electronic service on the **28**th day of **August 2015**, upon the following counsel of record:

Bill L. Voss
Scott G. Hunziker
Tyler Bleau
The Voss Law Firm, P.C.
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380


*Jana Richard*
Mark A. Lindow / Jana Richard

2

# Exhibit  B

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| **FERNANDO RENTERIA** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | Civil Action No. _____ |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **Defendant** | § | |

---

**LIST OF ALL COUNSEL OF RECORD**

---

<u>Party</u>

<u>Attorney(s)</u>

Fernando Renteria

Bill L. Voss
State Bar No. 24047043
Scott G. Hunziker
State Bar No. 24032446
Tyler Bleau
State Bar No. 24080793
THE VOSS LAW FIRM, P.C.
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
bill.voss@vosslawfirm.com
scott@vosslawfirm.com
tyler@vosslawfirm.com

State Farm Lloyds

Mark A. Lindow
State Bar No. 12367875
Jana Richard
State Bar No. 24040752
LINDOW STEPHENS TREAT LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
mlindow@lstlaw.com
jrichard@lstlaw.com